# UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF TENNESSEE
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| KATHY FOX, | ) | |
| | ) | |
| Plaintiff, | ) | Docket No. 2-09-cv-0010 |
| vs. | ) | |
| | ) | |
| COLINX, LLC | ) | |
| | ) | |
| Defendant. | ) | |

## INITIAL CASE MANAGEMENT AND SCHEDULING ORDER

Pursuant to the scheduling conference set by written notice and Order, the parties submit the following:

## I. JURISDICTION AND VENUE

Plaintiff filed this case in the United States District Court for the Middle District of Tennessee, Nashville Division on January 26, 2009, alleging violations of the Fair Labor Standards Act, 29 *U.S.C.* § 201 *et seq.* and breach of contract. The Federal Courts have subject matter jurisdiction pursuant to 28 *U.S.C.* § 1331 as this cause of action arises under the Fair Labor Standards Act ("FLSA"), 29 *U.S.C.* 201, *et seq.* Plaintiff contends supplemental jurisdiction for the state related claims are conferred upon this Court by 29 *U.S.C.* § 2617(a) and venue of this action is proper pursuant to 28 *U.S.C.* § 1391.

## II. PARTIES' STATEMENTS AND THEORIES OF THE CASE
## PLAINTIFF'S STATEMENT AND THEORY OF THE CASE

From October 1, 2007, through to the current date, defendant has a policy of paying its non-exempt employees overtime wages for all hours worked in excess of forty (40) per work

period. On November 1, 2007 plaintiff was transferred to the position of Business Process Specialist (the "transfer"). Since the transfer and with the full knowledge of defendant, plaintiff regularly worked in excess of forty (40) hours per work period. As plaintiff was not in a management, executive, administrative or supervisory position, plaintiff is entitled to overtime compensation at a rate of not less than one and one half times her regular rate of pay for all hours he worked in excess of forty (40) per work period. Defendant's failure to pay plaintiff overtime was not in good faith. Plaintiff is entitled to all unpaid overtime at a rate of one and one-half times her regular rate of pay, liquidated damages and payment of her attorney fees and litigation expenses.

As part of a severance agreement, defendant agreed to pay premiums for plaintiff's participation in defendant's sponsored group health insurance plan through December 1, 2009. Defendant terminated the benefits, and accordingly, is guilty of breach of contract. Plaintiff is entitled to damages, including but not limited to the value of lost benefits and contractual attorney fees and litigation expenses.

## **DEFENDANT'S STATEMENT AND THEORIES OF THE CASE**

Defendant contends that, while working as a business process specialist from November 1, 2007 through the date of her separation from employment, the plaintiff's position and duties in that position qualified her under the administrative exemption from overtime pay under the Fair Labor Standards Act. Assuming solely for purposes of argument that plaintiff did not qualify for the administrative exemption under the Act, the proof is insufficient to establish that plaintiff worked more than 40 hours within any workweek and is therefore not entitled to overtime compensation. Finally, defendant contends that it did not terminate the plaintiff's insurance benefits under the severance agreement, and was therefore not in breach of said agreement.

## III. ISSUES RESOLVED AND IN DISPUTE

**A. Resolved**  None.

**B. Disputed**  Defendant's liability.


## IV. SCHEDULE OF PRETRIAL PROCEEDINGS

### A. Mandatory Initial Disclosures

Rule 26(a)(1) disclosures are required on or before July 14, 2011.

### B. Meeting of Counsel and Parties to Discuss Settlement Prospects

Sixty (60) days from the date of the initial case management conference, counsel and clients are required to have a face-to-face meeting to discuss whether this case can be resolved without further discovery proceedings. If a party, other than a natural person, is involved in this litigation, a representative who has the authority to settle shall attend this meeting on behalf of that party. After the meeting is conducted, counsel shall prepare a report and file with the Court reflecting that the parties met and that that parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believed that one of the Alternative Dispute Resolution ("ADR") procedures under the Local Rules would further assist the parties in resolving this matter.

### C. Other Pretrial Discovery Matters

The parties propose the following pretrial deadlines:

```
INITIAL MOTIONS TO DISMISS:            November 1, 2011
MOTIONS TO AMEND                       December 1, 2011
COMPLETING ALL DISCOVERY:              February 15, 2012
FILING DISCOVERY RELATED MOTIONS:      March 15, 2012
FILING DISPOSITIVE MOTIONS:            April 1, 2012
```

The parties do not anticipate the need for expert witnesses. Local Rule 33.01(b) is expanding to allow 40 interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with the Judge Trauger.

Dispositive Motions. The parties shall file initial Motions to Dismiss based on jurisdiction on or before November 1, 2011. All other dispositive motions shall be filed on or before April 1, 2012. Responses to dispositive motions shall be filed within twenty (20) days after service. Optional replies shall be filed within ten (10) days after service of the response. Briefs shall not exceed 20 pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the Court.

Electronic Discovery. The parties have reached agreements on how to conduct electronic discovery. Thus, the default standard contained in Administrative Order No. 174 need not apply to this case.

Estimated Trial Time. One (1) day.

**IT IS SO ORDERED** this 28th day of            June     , 2011.

_____
United States District Judge Aleta Trauger

AGREED TO:

s/ Cynthia A. Wilson
Cynthia A. Wilson (#13145)
Madewell, Jared, Halfacre, Williams & Wilson
230 North Washington Avenue
Cookeville, TN 38501
(931) 526-6101


s/ Mary Dee Allen
Mary Dee Allen (#15614)
Wimberly Lawson Wright Daves & Jones, PLLC
Attorneys for Defendant
1420 Neal Street, Suite 201
P.O. Box 655
Cookeville, TN 38503-0655
(931) 372-9123

## CERTIFICATE OF SERVICE

     I, Cynthia A. Wilson, I the undersigned attorney do hereby certify that a true and exact copy of the foregoing pleading has been served on opposing counsel of record as identified below by electronic filing (ECF), contemporaneously with the electronic filing of this pleading with the Clerk of Court this 27th day of June, 2011.

                   Mary Dee Allen, Esquire
     Wimberly Lawson Wright Daves & Jones, PLLC
                  Attorneys for Defendant
                1420 Neal Street, Suite 201
                       P.O. Box 655
                Cookeville, TN 38503-0655
                      (931) 372-9123

                       s/Cynthia A. Wilson
                       Cynthia A. Wilson